THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARGAIL T. DOWNER** ) <br> 9314 Cherry Hill Rd., Apt. 1124 ) <br> College Park, MD 20740 ) <br>   ) <br>   ) Case No. 8:21-cv-1618 <br>   ) <br> **Plaintiff**, ) <br>   ) JURY TRIAL REQUESTED <br> v. ) <br>   ) <br> **PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS** ) <br> 14201 School Lane ) <br> Upper Marlboro, MD 20772 ) <br>   ) <br>   ) <br> **Defendant**. ) <br>   ) | |

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff Mr. Cargail T. Downer sues the Prince George's County Public Schools and states as follows:

**INTRODUCTION**

1. This is a complaint for employment discrimination. This complaint is brought against the Defendant to redress the indignities, humiliation embarrassment, emotional distress, economic loss, and deprivation of Mr. Cargail T. Downer's right to equal employment opportunity that he suffered and is suffering as a direct result of the Defendant's discrimination against him on the basis of race, national origin and retaliation in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000-e *et seq*. ("Title VII"), 42 U.S.C. § 1981 and §20-601 *et. seq.* of the Maryland State Government Article ("SG").

As a consequence of Defendant's illegal acts, Plaintiff suffered and continued to suffer from unequal terms and conditions of employment, loss of earnings, mental anguish, stress and other things related to his employment with Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to federal question jurisdiction and 28 U.S.C. § 1331, 28 U.S.C. §1343 and 28 U.S.C. § 1367.

3. Plaintiff may claim violations of §20-601 *et. seq.* of the Maryland State Government Article ("SG") since he has filed the instant suit within two years after the latest act of illegal discrimination, acts which are continuing in nature, in accordance with SG §20-1013(a)(3).

4. Plaintiff has satisfied conditions precedent to suit under Title VII and §20-601 *et. seq.* of the Maryland State Government Article ("SG") including, in particular, exhaustion of administrative remedies.

5. Venue properly lies in this judicial district because the events giving rise to the claims at issue occurred at Upper Marlboro, Maryland in this judicial district.

## PARTIES

6. Plaintiff Cargail T. Downer is a black person and a native of Guyana, South America.

7. Defendant Prince George's County Public Schools is a public school system in Maryland.

8. During the times in which the actions occurred that are at issue in this lawsuit Defendant employed Plaintiff at 14201 School Lane, Upper Malboro, Maryland.

9. Plaintiff seeks relief against Defendant under Title VII, SG §20-601 *et. seq.* and 42 U.S.C. § 1981 for employment discrimination against him by Defendant.

## PROCEDURAL REQUIREMENTS

10. On or about August 4, 2020 Plaintiff timely filed an administrative complaint of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

11. Plaintiff's filing of his administrative complaint of discrimination with the EEOC also constituted filing of a complaint with the Maryland Commission on Civil Rights pursuant to SG §20-1004(c).

12. The EEOC completed administrative processing of Plaintiff's administrative complaint of discrimination and issued Plaintiff a Right to Sue Letter on May 26, 2021.

13. Plaintiff has therefore exhausted administrative remedies which may be conditions precedent to bringing the instant action.

14. Plaintiff filed the instant action within the 90 period provided for in the Right to Sue Letter from the EEOC.

15. Less than two years have elapsed since an act of discrimination against Plaintiff by Defendant on May 29, 2020 as alleged in Plantiff's Charge of Discrimination as filed with the EEOC.

16. Plaintiff's administrative complaint was more than 180 days old on the date of filing of this action and has met all requirements for filing a lawsuit pursuant to SG §20-1013(a).

## STATEMENT OF FACTS

17. Plaintiff began his employment with the Defendant on or about April 9, 2018.

18. Plaintiff was employed by Defendant as an HVAC Mechanic.

19. Defendant has more than 500 employees.

20.     Defendant was at all relevant times Plaintiff's "employer," as defined by Title VII, 42 U.S.C. § 2000e(b), 29 U.S.C. § 630 (b) and SG § 20-601.

21.     At all relevant times, Plaintiff was an "employee" of Defendant, as defined by Title VII, 42 U.S.C. § 2000e(f) and SG § 20-601.

22.     Plaintiff's work performance has been satisfactory as evidenced by, including but not limited to, multiple satisfactory performance evaluations; Plaintiff's job qualifications and training; and Plaintiff's successful completion of a higher than average number of repair tickets during 2020-21.

## COUNT I:
## DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF
## 42 USC § 2000e-2(a)

23.     Plaintiff repeats the allegations of ¶¶ 1 to 22 as if fully set forth herein.

24.     Plaintiff is a black person and as such is a member of protected class.

25.     Plaintiff was satisfactorily performing his work as demonstrated both by his qualifications for his position as a HVAC Mechanic and because Plaintiff was meeting Defendant's legitimate expectations as evidenced by, including but not limited to, Plaintiff having all of the following: passage of a master's exam pertaining to insulation, exhaust fans, and installation and repair of air conditioning units; Masters HVAC Licence; CFC Universal License with certification in environmentally safe refrigerants; Maryland First Grade Engineer License with expertise in boilers; PM Maintenance License; certificates in carpentry, plumbing, and flooring from Prince George's Community College; a college degree; higher than average number of closures for tickets for repairs in 2020-21; and  multiple, satisfactory, annual performance evaluations with Defendant.

26. Defendant treated Plaintiff less favorably than its white employees and subjected Plaintiff to disparate and unequal terms and conditions of employment by Defendant's acts which included not which are not limited to:

   a) Taking away Plaintiff's work locations beginning on or about September 30, 2019 and continuing to present;

   b) On or about January 7, 2019 and ongoing, Defendant allowed a white employee to partake in a training program so he could teach other employees while denying this same opportunity to Plaintiff;

   c) On about January 14, 2019, February 12, 2019, April 8, 2019 and ongoing, Plaintiff denied Plaintiff training on EMS systems to control and monitor equipment, while giving this training to white employees;

   d) Defendant treated Plaintiff less favorably than white employees by sending Plaintiff out to perform work shortly before January 21, 2020 for which Plaintiff had not been provided with the safety equipment to perform potentially life-threatening work and without training and co-worker assistance in violation of OSHA requirements;

   e) On or about June 4, 2019 and continuing, Defendant subjected Plaintiff to write ups and hostile, rude mistreatment from his supervisor for items on which Plaintiff had not been trained such as Defendant's procedures for completing time sheets;

   f) Denying Plaintiff a position as Area Coordinator on or about September 30, 2019, awarding the position to a white co-worker and trying to afterwards find fault with Plaintiff's work to justify Defendant's actions in denying the position to Plaintiff;

    g)    After a white co-worker threatened to kill Plaintiff on or about August 20, 2020, Defendant responded by making Plaintiff change his work shift but allowed the co-worker to remain on the shift Plaintiff had worked;

    h)    On or about August 5, 2019 and ongoing, Defendant denied Plaintiff overtime work when Plaintiff requested it but in contrast allowed white workers to receive overtime work whenever they request it;

    i)    On or about January 14, 2019 and ongoing, Defendant denied Plaintiff assistance from his white co-workers while assigning full time contractors to help white employees; and

    j)    Writing a false correction action against Plaintiff dated January 21, 2020 claiming that Plaintiff performed in an incompetent manner in responding to an emergency call to the Robert Goddard school when instead this emergency call had been given to a white employee.

27.    Defendant repeatedly subjected Plaintiff to an adverse employment actions through its managers and others, including but limited to: Garth Deitzer and Lance Schiemer.

28.    Plaintiff's race was the motivating factor in Defendant's disparate treatment of Plaintiff.

29.    Defendant is discriminating and has discriminated against Plaintiff on the basis of race.

30.    Defendant's actions are in violation of 42 USC § 2000e-2(a).

**COUNT II**:
**DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF**
**MCHRL § 27-19**

31.    Plaintiff incorporates ¶¶ 1-30 as if fully set forth herein.

32. Plaintiff is a qualified individual by virtue of having received satisfactory performance evaluations from Defendant.

33. The racially discriminatory conduct alleged in Count I constitutes a violation of MCHRL § 27-19.

## COUNT III
## DISCRIMINATION BECAUSE OF RACE
## IN VIOLATION OF 42 U.S.C. 1981

34. Plaintiff incorporates ¶¶ 1-33 as if fully set forth herein.

35. The racially discriminatory conduct alleged in Count I constitutes a violation of 42 U.S.C. § 1981.

## COUNT IV
## DISCRIMINATION BECAUSE OF NATIONAL ORIGIN
## IN VIOLATION OF 42 USC § 2000e-2(a)

36. Plaintiff repeats the allegations of ¶¶ 1 to 35 as if fully set forth herein.

37. Plaintiff is a native of Guyana, South America and as such is a member of protected class by virtue of his national origin.

38. Plaintiff was satisfactorily performing his work as demonstrated both by his qualifications for his position as a HVAC Mechanic and because Plaintiff was meeting Defendant's legitimate expectations as evidenced by, including but not limited to, Plaintiff having all of the following: passage of a master's exam pertaining to insulation, exhaust fans, and installation and repair of air conditioning units; Masters HVAC Licence; CFC Universal License with certification in environmentally safe refrigerants; Maryland First Grade Engineer License with expertise in boilers; PM Maintenance License; certificates in carpentry, plumbing, and flooring from Prince George's Community College; a college degree; higher than average number

of closures for tickets for repairs in 2020-21; and multiple, satisfactory, annual performance evaluations with Defendant.

39. Defendant treated Plaintiff less favorably than its US born employees and subjected Plaintiff to disparate and unequal terms and conditions of employment by Defendant's acts which included but are not limited to:

a) Taking away Plaintiff's work locations beginning on or about September 30, 2019 and continuing to present;

b) On or about January 7, 2019 and ongoing, Defendant allowed a U.S. born employee to partake in a training program so he could teach other employees while denying this same opportunity to Plaintiff;

c) On about January 14, 2019, February 12, 2019, April 8, 2019 and ongoing, Plaintiff denied Plaintiff training on EMS systems to control and monitor equipment, while giving this training to a U.S. born employee;

d) Defendant treated Plaintiff less favorably than U.S. born employees by sending Plaintiff out to perform work shortly before January 21, 2020 for which Plaintiff had not been provided with the safety equipment to perform potentially life-threatening work and without training and co-worker assistance in violation of OSHA requirements;

e) On or about June 4, 2019 and continuing, Defendant subjected Plaintiff to less favorable treatment than U.S. born employees by issuing write ups and hostile, rude mistreatment from his supervisor for items on which he had not been trained such as Defendant's procedures for completing time sheets;

f) Denying Plaintiff a position as Area Coordinator on or about September 30, 2019, and awarding the position to a U.S. born co-worker and trying to afterwards find fault with Plaintiff's work to justify Defendant's actions in denying the position to Plaintiff;

g) After a U.S. born co-worker threatened to kill Plaintiff on or about August 20, 2020, Defendant responded by making Plaintiff change his work shift but allowed the co-worker to remain on the shift Plaintiff had worked;

h) On or about August 5, 2019 and ongoing, Defendant denied Plaintiff overtime work when Plaintiff requested it but in contrast Defendant allowed U.S. born workers to receive overtime work whenever they request it;

i) On or about January 14, 2019 and ongoing, Defendant subjected Plaintiff to less favorable treatment than U.S. born co-workers by failing to assign full time contractors to assist Plaintiff in his work while instead doing so for U.S. born co-workers; and

j) Defendant treated Plaintiff less favorably than U.S. born employees when Defendant wrote a false correction action against Plaintiff dated January 21, 2020 in which Defendant claimed that Plaintiff performed in an incompetent manner in responding to an emergency call to the Robert Goddard school when instead this emergency call had been given to a U.S. born employee and not Plaintiff.

40. Defendant repeatedly subjected Plaintiff to an adverse employment actions through its managers and others, including but limited to: Garth Deitzer and Lance Schiemer

41. Plaintiff's national origin was the motivating factor in Defendant's disparate treatment of Plaintiff.

42. Defendant is discriminating and has discriminated against Plaintiff on the basis of national origin.

43. Defendant's actions are in violation of 42 USC § 2000e-2(a).

## COUNT V:
### DISCRIMINATION BECAUSE OF NATIONAL ORIGIN IN VIOLATION OF SG § 20-601 *et. seq*.

44. Plaintiff incorporates ¶¶ 1-43 as if fully set forth herein.

45. Plaintiff is a qualified individual by virtue of having received multiple, satisfactory performance evaluations from Defendant.

46. The discriminatory conduct alleged in Count IV constitutes a violation of MCHRL § 27-19.

## COUNT VI
### RETALIATION IN VIOLATION OF TITLE VII - 42 USC § 2000e-3(a)

47. Plaintiff incorporates ¶¶ 1-46 as if fully set forth herein.

48. In October 2019 and again in February 2020, and on other occasions Plaintiff complained in good faith to Defendant and to persons employed by Defendant that Plaintiff was being illegally discriminated against by Defendant's managers and others.

49. Plaintiff's complaints about illegal discrimination constituted protected employee activity.

50. Within days after Plaintiff's October 2019 complaint and continuing thereafter, Defendant took materially adverse actions against Plaintiff including, but not limited to: issuing to Plaintiff a verbal disciplinary action through Plaintiff's supervisor on October 24, 2019; and following Plaintiff's February 2020 complaint, in May 2020 Plaintiff received from his

supervisor a performance evaluation with critical and false comments about Plaintiff's work performance.

51. A causal link between Defendant's adverse actions against Plaintiff and Plaintiff's complaints of discrimination exists because Defendant's adverse actions occurred as early as within days of Plaintiff's October 2019 complaint and within two months of Plaintiff's February 2020 complaint.

52. Defendant's alleged reasons for their adverse actions against Plaintiff are a pretext for discrimination.

53. Plaintiff reasonably believes that the actions against him by Defendant's managers and others constituted illegal discrimination, retaliation and practices prohibited by Title VII and are a pretext for discrimination.

## COUNT VII:
## RETALIATION IN VIOLATION OF
## MCHRL § 27-19

54. Plaintiff incorporates ¶¶ 1-53 as if fully set forth herein.

55. The retaliatory conduct alleged in Count VI constitutes a violation of MCHRL § 27-19.

## COUNT VIII
## RETALIATION IN VIOLATION OF
## 42 U.S.C. § 1981

56. Plaintiff incorporates ¶¶ 1-55 as if fully set forth herein.

57. The racially discriminatory conduct alleged in Count VI constitutes a violation of 42 U.S.C. § 1981.

## COUNT IX
## RETALIATION IN VIOLATION OF TITLE VII -
## 42 USC § 2000e-3(a)

58. Plaintiff incorporates ¶¶ 1-57 as if fully set forth herein.

59. On or about February 24, 2021 Plaintiff complained in good faith to Defendant's managers, officials and to persons employed by Defendant that Plaintiff was being illegally discriminated against by Defendant's managers and others.

60. Plaintiff's complaints about illegal discrimination constituted protected employee activity.

61. After Plaintiff complained about illegal discrimination Plaintiff requested sick leave due to the Covid 19 Pandemic and did not work again for about two and one half months until returning to work on or about June 14, 2021.

62. On Plaintiff's first day back to work on June 14, 2021 Plaintiff was told by Defendant's supervisory officials that Plaintiff's work truck was being taken from him, that Plaintiff's belongings had been placed in a box and that Plaintiff would have to ride with other workers to his work sites.

63. All of the actions taken against Plaintiff as described in the preceding paragraph constituted materially adverse actions by Defendant against Plaintiff and would have made Plaintiff's work performance more difficult for Plaintiff.

64. A causal link between Defendant's adverse actions against Plaintiff and Plaintiff's complaints of discrimination exists because Defendant's adverse actions occurred within weeks of Plaintiff's complaints of discrimination and on Plaintiff's first day back to work after an extended absence.

65. Defendant's alleged reasons for their adverse actions against Plaintiff are a pretext for discrimination.

66. Plaintiff reasonably believes that the actions against him by Defendant's managers and others constituted illegal discrimination, retaliation and practices prohibited by Title VII and are a pretext for discrimination.

## COUNT X:
## RETALIATION IN VIOLATION OF
## MCHRL § 27-19

67. Plaintiff incorporates ¶¶ 1-66 as if fully set forth herein.

68. The retaliatory conduct alleged in Count IX constitutes a violation of MCHRL § 27-19.

## COUNT XI
## RETALIATION IN VIOLATION OF
## 42 U.S.C. § 1981

69. Plaintiff incorporates ¶¶ 1-68 as if fully set forth herein.

70. The racially discriminatory conduct alleged in Count IX constitutes a violation of 42 U.S.C. § 1981.

## COUNT XII
## RETALIATION IN VIOLATION OF TITLE VII -
## 42 USC § 2000e-3(a)

71. Plaintiff incorporates ¶¶ 1-70 as if fully set forth herein.

72. On or about June 14, 2021 Plaintiff complained in good faith to Defendant's managers and to persons employed by Defendant that Plaintiff was being illegally discriminated against by Defendant's managers and others.

73. Plaintiff's complaints about illegal discrimination constituted protected employee activity.

74. When Plaintiff complained about illegal discrimination Plaintiff was immediately suspended and ordered by Defendant to leave the work place.

75. The actions taken against Plaintiff as described in the preceding paragraph constituted materially adverse actions by Defendant against Plaintiff.

76. A causal link between Defendant's adverse actions against Plaintiff and Plaintiff's complaints of discrimination exists because Defendant's adverse actions occurred the same day as Plaintiff's complaints of discrimination.

77. Defendant's alleged reasons for their adverse actions against Plaintiff are a pretext for discrimination.

78. Plaintiff reasonably believes that the actions against him by Defendant's managers and others constituted illegal discrimination, retaliation and practices prohibited by Title VII and are a pretext for discrimination.

## COUNT XIII:
## RETALIATION IN VIOLATION OF
## MCHRL § 27-19

79. Plaintiff incorporates ¶¶ 1-78 as if fully set forth herein.

80. The retaliatory conduct alleged in Count XII constitutes a violation of MCHRL § 27-19.

## COUNT XIV
## RETALIATION IN VIOLATION OF
## 42 U.S.C. § 1981

81. Plaintiff incorporates ¶¶ 1-80 as if fully set forth herein.

82. The retaliatory conduct alleged in Count XII constitutes a violation of 42 U.S.C. § 1981.

## COUNT XV:
## HOSTILE WORK ENVIRONMENT BECAUSE OF RACE
## IN VIOLATION OF TITLE VII
## (42 USC § 2000e-2(a)(1)

83. Plaintiff incorporates ¶¶ 1-82 as if fully set forth herein.

84. Plaintiff is a member of classes of persons protected by Title VII by virtue of his race and national origin.

85. From on or about October 2019 and continuing through to the present time, Plaintiff was subjected to unwelcomed conduct from his supervisor, including but not limited to:

   a) Being yelled at and being spoken to in a condescending and disrespectful manner;

   b) Micro-managing Plaintiff's work;

   c) Racial, national origin related and retaliatory harassment and comments;

   d) Workplace bullying;

   e) Excessive supervision above and beyond what other employees experienced;

   f) Fabricated performance issues;

   g) Actions to limit or reduce Plaintiff's overtime work;

   h) Denial of training opportunities to Plaintiff by Defendant;

   i) Refusal to provide Plaintiff with a co-worker or contractor to assist him in his work for Defendant and

   j) Having his work truck taken from him and his belongings placed in a box.

86. The unwelcomed conduct Plaintiff received from Defendant's managers and others was based on Plaintiff's race.

87.     The unwelcomed conduct Plaintiff received from his supervisors and others was repeated and continuing in nature, kept Plaintiff in constant fear of losing his job, in constant fear of micro managing from supervisors employed by Defendant, in a constant state of apprehension, and was sufficiently severe or pervasive to affect Plaintiff's performance, Plaintiff's conditions of employment and to create an abusive work environment.

88.     The unwelcome conduct Plaintiff received from his supervisors and others, was imputable to Defendant for multiple reasons including but not limited to the perpetrators of this misconduct included Plaintiff's supervisors, Plaintiff reported the supervisors' and employee misconduct to other managers and officials who worked for Defendant and because Plaintiff complained to no avail to Defendant's officials and others of the supervisor's misconduct.

89.     Defendant's employees and officials knew of Plaintiff's employees and supervisors' actions and authorized these actions and/or failed to take reasonable, prompt or adequate corrective actions.

90.     Plaintiff reasonably believes that Defendant's actions against him were in violation of 42 USC § 2000e-2(a)(1).

## COUNT XVI
## HOSTILE WORK ENVIRONMENT BECAUSE OF RACE
## IN VIOLATION OF
## 42 U.S.C. § 1981

91.     Plaintiff incorporates ¶¶ 1-90 as if fully set forth herein.

92.     The racially discriminatory conduct alleged in Count XV constitutes a violation of 42 U.S.C. § 1981.

**COUNT XVII: EMPLOYMENT DISCRIMINATION
HOSTILE WORK ENVIRONMENT BECAUSE OF RACE
IN VIOLATION OF MCHRL § 27-19**

93.     Plaintiff incorporates ¶¶ 1-92 as if fully set forth herein.

94.     The hostile work environment conduct alleged in Count XV constitutes a violation of MCHRL § 27-19.

**COUNT XVIII:
HOSTILE WORK ENVIRONMENT BECAUSE OF NATIONAL ORIGIN
IN VIOLATION OF TITLE VII
(42 USC § 2000e-2(a)(1)**

95.     Plaintiff incorporates ¶¶ 1-94 as if fully set forth herein.

96.     Plaintiff is a member of classes of persons protected by Title VII by virtue of his national origin.

97.     From on or about October 2019 and continuing through to the present time, Plaintiff was subjected to unwelcomed conduct from his supervisor, including but not limited to:

a)     Being yelled at and being spoken to in a condescending and disrespectful manner;

b)     Micro-managing Plaintiff's work;

c)     Racial, national origin related and retaliatory harassment and comments;

d)     Workplace bullying;

e)     Excessive supervision above and beyond what other employees experienced;

f)     Fabricated performance issues;

g)     Actions to limit or reduce Plaintiff's overtime work;

h)     Denial of training opportunities to Plaintiff by Defendant;

i)     Refusal to provide Plaintiff with a co-worker or contractor to assist him in his work for Defendant; and

17

j) Having his work truck taken from him and his belongings placed in a box.

98. The unwelcomed conduct Plaintiff received from Defendant's managers and others was based on Plaintiff's national origin.

99. The unwelcomed conduct Plaintiff received from his supervisors and others was repeated and continuing in nature, kept Plaintiff in constant fear of losing his job, in constant fear of micro managing from supervisors employed by Defendant, in a constant state of apprehension, and was sufficiently severe or pervasive to affect Plaintiff's performance, Plaintiff's conditions of employment and to create an abusive work environment.

100. The unwelcome conduct Plaintiff received from his supervisors and others, was imputable to Defendant for multiple reasons including but not limited to the perpetrators of this misconduct included Plaintiff's supervisors, Plaintiff reported the supervisors' and employee misconduct to other managers and officials who worked for Defendant and because Plaintiff complained to no avail to Defendant's officials and others of the supervisor's misconduct.

101. Defendant's employees and officials knew of Plaintiff's employees and supervisors' actions and authorized these actions and/or failed to take reasonable, prompt or adequate corrective actions.

102. Plaintiff reasonably believes that Defendant's actions against him were in violation of 42 USC § 2000e-2(a)(1).

## COUNT XIX
## HOSTILE WORK ENVIRONMENT BECAUSE OF NATIONAL ORIGIN
## IN VIOLATION OF MCHRL § 27-19

103. Plaintiff incorporates ¶¶ 1-102 as if fully set forth herein.

104. The hostile work environment conduct alleged in Count XVIII constitutes a violation of MCHRL § 27-19.

**WHEREFORE**,  Plaintiff requests that this Honorable Court enter judgment against Defendant; declare that Defendant's conduct is in violation of Title VII,  42 U.S.C. § 2000e *et seq*., 42 U.S.C.  §  1981, 29 U.S.C. § 623 *et seq*., 42 U.S.C. § 12101 *et. seq*., and MCHRL  § 27-19 *et seq* ; award Plaintiff: appropriate compensatory and punitive damages in amounts to be proven at trial for her losses and injuries including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of his right to equal employment opportunity; back pay and front pay; loss of promotions; restitution of forfeited employment benefits; other appropriate legal and equitable relief, including, but not limited to: correction of Plaintiff's personnel file; attorney's fees; court costs; expenses; prejudgment interest and post-judgment interest; compensation for any additional tax burden that is incurred by Plaintiff were it not for the discriminatory treatment to which Plaintiff was subjected; and all other relief as justice may require.

Respectfully submitted,

/s/
_____
Cargail T. Downer

/s/
_____
Charles F. Holman,
Maryland Federal Bar No. 27425
Charles F. Holman, III, & Associates, LLC
One. N. Charles Street, Suite 350
Baltimore, MD 21201

Dated: June 30, 2021

*Mailing Address During Pandemic:*

PO Box 155
Bowie, MD 20719-0155
(410) 659-7500 - voice
(410) 659-7504 - facsimile
chasfholman3@aol.com
Attorney for Plaintiff Cargail T. Downer

## **JURY DEMAND**

Plaintiff demands a trial by jury.

/s/                                                                                  Dated: June 30, 2021
_____
Charles F. Holman,
Maryland Federal Bar No. 27425
Charles F. Holman, III & Associates, LLC
One. N. Charles Street, Suite 350
Baltimore, MD 21201

*Mailing Address During Pandemic:*

PO Box 155
Bowie, MD 20719-0155

(410) 659-7500 - voice
(410) 659-7504 - facsimile
chasfholman3@aol.com
Attorney for Plaintiff Cargail T. Downer